ELLIS, Judge.
Plaintiff was the owner of a registered champion quarter horse, King So Big, which he kept stabled at his farm. Plaintiff was insured against the loss of the horse by windstorm by defendant. It is *782 conceded that the value of King So Big exceeded the policy limits.
The stable in which the horse was kept was partially demolished by Hurricane Betsy, although the horse was not injured during the storm. After the hurricane, King So Big was put in a stall in the undestroyed part of the stable, which was located adjacent to a stall in which feed, including wheat, was stored. On the fourth night after the hurricane, King So Big, in some manner, pushed or kicked loose two of the slats in the wall separating the two stalls, and ate enough wheat to cause him to founder, and some time later, to die.
Plaintiff brought this suit under the windstorm provisions of his policy with defendant, alleging that the death of the horse was directly caused by Hurricane Betsy. After trial on the merits, judgment was rendered in favor of plaintiff in the sum of $10,000.00, the policy limits. Defendant has appealed.
It is the plaintiff’s contention that the part of the stable which was not demolished was twisted by the storm and was weakened to such an extent that the horse was able to push the slats loose, which it could not have done prior to the storm. They further allege that if the horse’s regular stable had not been destroyed by the hurricane, he would not have been placed in the stall next to the feed.
Defendant claims that the policy insures against “death * * * directly resulting from * * * windstorm”. It claims that if the hurricane in any way contributed to the death of King So Big, it was a remote connection and not the direct or immediate cause thereof.
The term “directly resulting from” has not been heretofore construed by the courts of this state. In so doing, we must give to those words their ordinary significance. “Directly”, as defined in Webster’s New Collegiate Dictionary, 1961 edition, means “In a direct manner, without anything intervening.” “Intervene” means “1. To enter or appear as an irrelevant or extraneous feature or circumstance; to come (in between). 2. To occur, fall or come between points of time or events.” “Result” means “To proceed, spring or arise, as a consequence, effect or conclusion.”
From the above, we conclude that death “directly resulting from” some event would mean a death which is caused by or is a consequence of an event and which would have occurred without the existence or intrusion of other causes or conditions unrelated to the original event.
In the light of the above definition, we cannot agree with the finding of the trial court. The unfortunate death of King So Big was the result of a number of circumstances, of which Hurricane Betsy was only one. For instance, the decision to place the horse in the stall next to the wheat, although not unreasonable, was not inescapable. There were other stalls in which other horses were kept after the storm without ill effect. Death would not have resulted if wheat had not been easily accessible in the adjoining stall. It seems clear from the testimony that it is in the nature of a horse that it will attempt to reach feed, and, succeeding in this, will eat until it founders. All of the foregoing events and circumstances contributed to the death of the horse and are unrelated to the hurricane. Eliminate any one of them, and King So Big would be alive today.
We therefore find that the death of King So Big was not one “directly resulting from” windstorm. The judgment appealed from is reversed, and there will be judgment in favor of defendant and against plaintiff, dismissing plaintiff’s suit at his cost.
Reversed and rendered.